SUMMARY ORDER

Xiu Hui Yang, a native and citizen of China, seeks review of an October 22, 2008 order of the BIA affirming the September 12, 2007 decision of Immigration Judge (“IJ”) Brigitte Laforest, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiu Hui Yang, No. A94 917 604 (B.I.A. Oct. 22, 2008), affg No. A94 917 604 (Immig. Ct. N.Y. City Sep. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We *228 review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-67 (2d Cir.2008).[2]
Substantial evidence supports the agency’s adverse credibility determination where Yang admitted that she lied to immigration officials. We have held that “a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.” Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007); see also id. (finding that “even ancillary evidence sometimes supports” the application of falsus in uno, falsus in omnibus (false in one thing, false in everything)). While Yang claimed in her asylum application and during her testimony that she was arrested for practicing Falun Gong, when she was interviewed by an immigration official she said that she feared persecution because she refused to participate in an arranged marriage in China. Yang testified that she lied to the immigration official at her credible fear interview at the direction of the snakehead who smuggled her into the United States, and argues that this was a reasonable explanation for her admitted falsehood. That argument is unavailing where a reasonable factfinder would not be required to accept it. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005); see also Yun-Zui Guan v. Gonzales, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005) (indicating that an IJ may rest an adverse credibility determination on a discrepancy between testimony before the IJ and statements made during an airport interview where the petitioner understood the purpose of the interview). Thus, the agency’s conclusion that her false testimony before the immigration officer rendered her not credible was proper.
The agency also reasonably relied on discrepancies between Yang’s testimony and her witness’s testimony regarding where Yang lived and under what circumstances Yang’s witness saw her practicing Falun Gong. See Xiu Xia Lin, 534 F.3d at 165-67.
Ultimately, the agency’s adverse credibility determination and the resulting denial of Yang’s application for asylum were supported by substantial evidence. To the extent Yang based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Yang has waived any claim based on her alleged illegal departure from China. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. See Pub.L. No. 109-13, div. B, § 101(a)(3), 119 Stat. 302, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165.